UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WILLIAM PATRICK BENNETT AND CHERYL BENNETT | : | CIVIL CASE NO. _____ |
| VERSUS | : | JUDGE _____ |
| BIO-LAB, INC. | : | MAGISTRATE _____ |

\* \* \* \* \* \* \*

## PLAINTIFFS' ORIGINAL COMPLAINT

The plaintiffs, **WILLIAM PATRICK BENNETT and CHERYL BENNETT** (the "plaintiffs"), file this Original Complaint against **BIO-LAB, INC.,** seeking damages arising out of personal injuries, mental anguish, and emotional distress suffered by the plaintiffs.

### A. PARTIES

1. Plaintiffs, **WILLIAM PATRICK BENNETT and CHERYL BENNETT,** are individuals who are citizens of the State of Louisiana.

2. Defendant herein is **BIO-LAB, INC.**, ("Bio-Lab"), is a foreign corporation, authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

### B. JURISDICTION

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendant are citizens of different U.S. states and thus complete diversity exists, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## C. VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to this claim occurred in this district. The Bio-Lab facility/property is located in Calcasieu Parish, State of Louisiana, and is owned, operated, possessed, supervised, managed and/or controlled by Defendant.

## D. FACTS

5. Bio-Lab is the owner and operator of a chemical plant in Calcasieu Parish, State of Louisiana, which is located at 910 I-10 West, Westlake, Calcasieu Parish, State of Louisiana.

6. At all material times herein, Bio-Lab, as part of its process for the manufacturing chlorine for use in swimming pools, possessed, controlled and was responsible for properly containing and disposing of at its facility trichloroisocyanuric acid, commonly known as "Trichlor" or "TCCA."

7. "Trichlor" or "TCCA" is a toxic chemical known to cause severe irritation and burning to the human eyes, skin and lungs. When mixed with water, it releases a toxic chlorine gas, cyanuric acid and highly reactive nitrogen trichloride, all highly toxic substances to humans.

8. Gaseous chlorine is poisonous and classified as a pulmonary irritant that can cause permanent lung damage. It has intermediate water solubility with the capability of causing both acute and permanent damage to the upper and lower respiratory tracts and can be fatal to humans.

9. On August 27, 2020, a release of these hazardous chemicals occurred at Bio-Labs chemical plant in Calcasieu Parish during and following the landfall of Hurricane Laura in Southwest Louisiana. The Louisiana Department of Environmental Quality (LDEQ) was informed of the release at 9:00 a.m. on August 27, 2021, which was in the aftermath of Hurricane Laura.

10. This release of the toxic chemicals was enormous and Bio-Lab has not been able to report to the environmental regulatory authorities including LDEQ the specific amounts of the toxic chemicals released into the atmosphere including in and around the City of Westlake, Louisiana. The photos below taken by KPLC in Lake Charles and another news station that depict the enormity of the release which, based on information and belief, lasted over fifty hours and took three days to finally extinguish.





11. During the time of the chemical laced smoke and release, Governor John Bel Edwards issued a shelter-in-place advisory and an emergency alert warning residents of Westlake, Moss Bluff and Sulphur to turn off their air conditioning and doors to avoid contact with chlorine gas and other harmful emissions.

12. Based on information and belief, and according to Bio-Labs own report to LDEQ, chlorine gas was generated and escaped into the air at the Bio-Lab facility. Its reaction was exothermic which started a fire. This chlorine gas was consumed in the subsequent fire and had the "potential" to convert to hydrogen chloride and other toxic chemicals. When hydrogen reacts with chlorine, **hydrogen chloride** is formed. Hydrogen chloride is a gas and has the formula HCl(g). When hydrogen chloride dissolves in water, hydrochloric acid is formed which is a known toxin to humans.

13.     At the time of Hurricane Laura and the release at issue, Plaintiffs resided at 900 Bagdad Road in Westlake, Louisiana which is located northeast of the Bio-Lab facility approximately 1.92 miles away.

14.     Following Hurricane Laura on August 27, 2020, plaintiffs' home lost all electrical power, and the couple were unable to evacuate their residence because of numerous downed trees and other debris caused by the Hurricane.

15.     While at their home on August 27, 28 and 29, 2020, the couple were continuously exposed and inundated with the toxic, hazardous and harmful chemicals released at the Bio-Lab facility; based on information and belief, during the negligent release of the toxic chemicals, the predominant winds were out of the south/southwest following the passage of Hurricane Laura which blew the chemicals directly onto the plaintiffs who had no air conditioning and were virtually helpless to shelter in place.

16.     The release caused respiratory and systemic injuries to Plaintiffs, such as eye irritation, nasal irritation, throat irritation, cough, wheezing, restrictive lung impairment and chronic dyspnea.

### E. NEGLIGENCE OF BIO-LAB

17.     The defendant had a duty to act prudently and responsibly with respect to the operation of its manufacturing facility. Defendant breached its duty when its conduct fell below the standard care resulting in defendant's negligence in the follow regards:

   a)   Prior to the fire and release of chlorine gas on August 27, 2020, Bio-Lab failed to determine that the chlorine could be handled and processed in a reasonable and safe manner;

   b)   Bio-Lab failed to have reasonable procedures in place to avoid a release of toxic chemicals from its facility;

    c)     Bio-Lab failed to properly safeguard the toxic chemicals;

    d)     Bio-Lab failed to ensure that the chemicals were protected from the effects of Hurricane Laura which it knew in advance was headed to Southwest Louisiana;

    e)     Bio-Lab failed to contain and control the chemicals at its facility knowing that they were toxic to humans;

    f)     Bio-Lab failed to timely notify the community and the public concerning the hazardous nature of the toxic chemicals released; and

    g)     Bio-Lab failed to properly store, contain, and dispose of the toxic chemicals in a timely and safe manner so as to ensure that the chemicals would not be exposed to the elements thus creating an unreasonable risk of harm;

    h)     Any other acts or omissions that are determined via discovery and proven at trial.

The foregoing negligence was a factual and legal cause of damages plead herein.

18.     Defendant is also liable for failure to properly control, safeguard and protect the aforementioned hazardous chemicals in its possession when it knew or should have known that the failure to do so with a category 4 Hurricane headed to Southwest Louisiana could cause the hazardous chemicals to be compromised and released into the atmosphere and surrounding communities.

### F. RES IPSA LOQUITUR

19.     Plaintiffs plead the doctrine of *res ipsa loquitur*. At all material times, the chlorine gas and other toxic chemicals were under the exclusive care, custody and control of defendant, Bio-Lab. The release of toxic fumes is an event that would not have occurred but for the negligence of the defendant. As such Plaintiffs plead the doctrine of *res ipsa loquitur*.

20.     Plaintiffs suffered the following damages in amounts reasonable in the premises:

    a)     Past physical pain and suffering;

    b)     Past, present, and future mental pain and suffering; and

    c)    Past and future medical bills and expenses.

21.    Plaintiffs pray for a trial by jury.

**WHEREFORE**, Plaintiffs, WILLIAM PATRICK BENNETT and CHERYL BENNETT, pray for the following relief:

    I.    Trial by jury;

    II.    Judgment in favor of Plaintiffs and against the Defendant, for damages in such amounts as may be proven at trial;

    III.    Compensation for non-economic losses, including, but not limited to, medical expenses, disfigurement, pain and suffering, mental anguish and emotional distress, loss of earnings and earning capacity, in such amounts as may be proven at trial;

    IV.    Pre- and post-judgment interest; and

    V.    Any and all further relief, both legal and equitable, that the court may deem just and proper.

BY THEIR ATTORNEYS:

  /s/  JERE JAY BICE
**JERE JAY BICE** (Bar Roll No. 18793)
**PEYTON F. PAWLICKI** (Bar Roll No. 37862)
Veron, Bice, Palermo & Wilson, L.L.C.
721 Kirby Street, 70601
P.O. Box 2125
Lake Charles, LA 70602
337-310-1600
Fax: 337-310-1601
jay@veronbice.com
peyton@veronbice.com

7